UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES ex rel. N&T MECHANICAL CONTRACTORS, INC., <br><br>Plaintiff,<br><br>v.<br><br>VETERANS CONSTRUCTION LLC and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,<br><br>Defendants. | CIVIL ACTION<br>NO. 10-11120-WGY |

ORDER

YOUNG, D.J.                                                    May 25, 2011

The plaintiff, N&T Mechanical Contractors, Inc. ("N&T Mechanical"), brought this suit against the defendants, Veterans Construction LLC ("Veterans") and Travelers Casualty and Surety Company of America ("Travelers"), for damages arising out of a contract dispute involving the construction of three medical facilities for the United States Department of Veterans Affairs. On November 5, 2010, default judgment was entered against Veterans in the total amount of $180,934.31. N&T Mechanical subsequently filed a motion for summary judgment arguing that the default judgment against Veterans is binding against Travelers, the surety on a Miller Act payment bond for which Veterans was the principal.

Although there is some uncertainty among courts as to which body of law governs the preclusive effect on a surety of a default judgment against a bond principal, see, e.g., United States ex rel. Frontier Construction, Inc. v. Tri-State Management Co., 262 F. Supp. 2d 893, 895 (N.D. Ill. 2003), recent Supreme Court precedent has established that "[t]he preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

Under federal common law, three essential elements must exist in order for res judicata, or claim preclusion, to apply: (1) a final judgment on the merits; (2) an identity of parties or privies; and (3) an identity of the cause of action. Aunyx Corp. V. Canon U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992). Travelers challenges the first and second elements, but does not contest the third element.

Travelers contends that a default judgment does not qualify as a final judgment on the merits. This argument, however, is belied by long-standing Supreme Court precedent: "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default." Riehle v. Margolies, 279 U.S. 218, 225 (1929).

Travelers also argues that it cannot be bound by a default judgment against its bond principal. It is true that, generally, a judgment has no preclusive effect on a person who was not a

party to the judgment. See Taylor, 553 U.S. at 892-93. Exceptions to this general rule exist, however, including one that "nonparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment." Id. at 894 (quoting D. Shapiro, Civil Procedure: Preclusion in Civil Actions 78 (2001)). Applying this exception to the principal/surety relationship, federal courts generally have held that a surety is bound by a judgment against its principal if it had notice of the proceeding that produced the judgment and an opportunity to participate in that proceeding. See, e.g., Drill South, Inc. v. International Fidelity Ins. Co., 234 F.3d 1232, 1235 (11th Cir. 2000).

Here, there can be no dispute that Travelers was aware of the proceeding that produced the default judgment as Travelers has been named as a defendant in this proceeding since its inception. Travelers has not attempted to argue that it was not aware of the default judgment proceedings. Moreover, even though the motion for default judgment was directed only against Veterans, counsel for Travelers admitted at oral argument that it could have used any of several procedural options to oppose that motion and challenge or delay the entry of default judgment. Travelers availed itself of none of these options, and is now precluded from revisiting the issues it previously declined to litigate.

Accordingly, this Court holds that the default judgment entered against Veterans, ECF No. 20, is binding on Travelers. N&T Mechanical's motion for summary judgment, ECF No. 22, is allowed. Judgment in the amount of $180,934.31 shall enter against Travelers.

SO ORDERED.

/s/ William G. Young
William G. Young
District Judge